# UNITED STATES DISTRICT COURT

for the
**Eastern District of Kentucky**
**Lexington Division**

| | | |
|---|---|---|
| James Roberts | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| LVNV Funding, LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| Corporation Service Company | ) | |
| 2711 Centerville Road, Suite 400 | ) | |
| Wilmington, DE 19808 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which was enacted to eliminate abusive debt collection practices by debt collectors, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies.

2.      Defendant LVNV Funding, LLC ("LVNV") violated the FDCPA by collecting and attempting to collect increasing interest and/or fees on a debt that LVNV had no legal right to recover from Plaintiff James Roberts. LVNV also violated the FCRA by furnishing false credit information concerning Mr. Roberts to one or more credit reporting agencies.

### JURISDICTION

3.      This Court has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k, the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. § 1367.

## PARTIES

4.      Plaintiff James Roberts is a natural person who resides in Boyle County, Ky.  Mr. Roberts is a natural individual person and a "consumer" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(3), and the FCRA, as defined at 15 U.S.C. § 1681a(c).

5.      Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debts from creditors and collecting these debts in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite 206, Charleston, SC 29401-3187.

6.      LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6), and a furnisher of credit information within the meaning of the Fair Credit Reporting Act.

## STATEMENT OF FACTS

9.      Like many of his fellow Americans, Mr. Roberts is keenly aware of the importance of his FICO credit score ("Credit Score") to his rating of credit worthiness.

10.      In an effort to improve his Credit Score and rating, Mr. Roberts reviewed his credit reports and discovered negative credit information furnished by LVNV in connection with an unidentified account ("LVNV Account").

11.      LVNV did not originate the LVNV Account and the account information furnished by LVNV concerns a charged off credit card debt or other consumer debt that LVNV purchased from the original creditor.

12.      The LVNV Account was in default when LVNV acquired the LVNV Account.

13.     LVNV acquired the LVNV Account for purposes of collection of the underlying debt.

14.     The LVNV Account is a debt that was incurred for personal, family, and household purposes, which makes the LVNV Account a "debt" within the meaning of the FDCPA.

15.     The LVNV Account is being incorrectly reported as an "open account" on Mr. Roberts' consumer credit reports.

16.     The LVNV Account should be included in the collection section of Mr. Roberts' consumer credit reports, if at all. LVNV also should have identified the creditor that originated the debt to enable Mr. Roberts to meaningfully identify the debt.

17.     Collection accounts are reported in a section of credit report different from the section in which open accounts are reported. As explained on the Credit Karma[1] website:

> **What is a collection?**
>
> A collection can result from a debt that has not been paid on time. If you become significantly delinquent on a debt, such as a medical bill or credit card bill, the original company owed will often write off this debt as a loss and sell it to a collection agency. The collection agency will then attempt to recover the money owed.
>
> While different creditors and lenders have different policies, many credit card accounts are sent to a collection agency after 180 days of non-payment. Either the original creditor or the collection agency may report the account in collections to a credit bureau, resulting in the account being marked on your report with a "collection" status. You will not necessarily be notified by the original creditor that your account is being sent to collections.
>
> If an account in collections is reported on your TransUnion or Equifax credit report, you can access your full report or the collections page to view details about any reported accounts. (You'll only see the collections page if open or closed collections accounts have recently been included on your report.)[2]

---

[1] Trans Union, LLC runs and maintains the Credit Karma website.
[2] www.creditkarma.com/article/accounts-in-collections (visited March 21, 2017)

18.     And explained on Experian's official website:

> When an account becomes seriously past due, the creditor may decide to turn the account over to an internal collection department or to sell the debt to a collection agency. **Once an account is sold to a collection agency, the collection account can then be reported as <u>a separate account on your credit report</u>.** Collection accounts have a significant negative impact on your credit scores.
>
> Collections can appear from unsecured accounts, such as credit cards and personal loans. In contrast, secured loans such as mortgages or auto loans that default would involve foreclosure and repossession, respectively. Auto loans can end up in collections also, even if they are repossessed. The amount they are sold for at auction may be less than the full amount owed, and the remaining amount can still be sent to collections.[3]

19.     LVNV mischaracterized the nature and type of debt by identifying the LVNV Account as an "open account."

20.     The mischaracterization of the LVNV Account as an open account affects Mr. Roberts' credit score more adversely than if LVNV was correctly reporting the debt as a collection account.

21.     LVNV first began furnishing information to the consumer reporting agencies ("CRA's") in December of 2012.

22.     In December of 2012, LVNV reported that the amount of the LVNV Account was $226.00.

23.     As of January 31, 2017, LVNV was falsely reporting that the amount of the LVNV Account was $263.00.

24.     LVNV furnished negative credit information concerning Mr. Roberts and the

---

[3] http://www.experian.com/blogs/ask-experian/credit-education/report-basics/how-and-when-collections-are-removed-from-a-credit-report/ (visited March 21, 2017).

LVNV Account to one or more consumer reporting agencies for the purpose of collecting a "debt" from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

25.     The negative credit information furnished by LVNV was false because it included $37.00 in additional fees and costs that LVNV had no legal right to recover from Mr. Roberts.

26.     In an effort to correct the erroneous credit information regarding the LVNV Account supplied by LVNV, on January 5, 2017 Mr. Roberts sent a dispute of the credit information supplied by LVNV to the three major consumer reporting agencies: Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union").

27.     Equifax, Experian, and Trans Union forwarded notice of Mr. Roberts' dispute to LVNV, which thereby triggered LVNV's duty under 15 U.S.C. §1681s-2(b) to reinvestigate the LVNV Account.

28.     LVNV failed to conduct a reasonable investigation into Mr. Roberts' dispute concerning the negative credit information concerning Mr. Roberts and the alleged LVNV Account that LVNV is furnishing to Experian.

29.     LVNV falsely verified the accuracy of the disputed negative credit information concerning the alleged LVNV Account to Equifax, Experian, and Trans Union.

30.     As a result of LVNV's failure to conduct a reasonable investigation of Mr. Roberts' dispute, Mr. Roberts suffered actual damages in the form of a lowered credit score and denial of credit.

31.     LVNV violated the FDCPA by transmitting false credit information concerning Mr.

Roberts and the LVNV Account to one or more consumer reporting agencies, by mischaracterizing the LVNV Account as an "open account," by failing to identify the creditor that originated the debt, and by adding interest and/or fees to the LVNV Account that LVNV had no legal right to recover from Mr. Roberts.

32.     LVNV violated the FCRA by failing to conduct a reasonable investigation of Mr. Roberts' dispute after receiving notice of the dispute from Equifax, Experian, and Trans Union and by failing to correct and update false and inaccurate credit information concerning Mr. Roberts and the LVNV Account.

<u>**Claims for Relief**</u>

**I.     Claims against LVNV Funding, LLC**

      **a.   Fair Debt Collection Practices Act (FDCPA)**

33.     The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.


      **b.   Fair Credit Reporting Act (FCRA)**

34.     The foregoing acts and omissions of LVNV Funding, LLC ("LVNV") violate the FCRA.

          **i.     Violations of 15 U.S.C. §1681n**

35.     After being informed by Equifax, Experian, and Trans Union that Mr. Roberts disputed the accuracy of the information it was providing concerning Mr. Roberts and the LVNV Account, LVNV willfully failed to conduct a proper investigation of Mr. Roberts' disputes filed with Equifax, Experian, and Trans Union that LVNV was furnishing false negative credit information about Mr. Roberts and the LVNV Account.

36.     LVNV willfully failed to review all relevant information purportedly provided by Equifax, Experian, and/or Trans Union to LVNV in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

37.     LVNV willfully failed to direct Equifax, Experian, and Trans Union to delete inaccurate information about Mr. Roberts pertaining to the LVNV Account as required by 15 U.S.C. §1681s-2(b)(C).

38.     Mr. Roberts has a private right of action to assert claims against LVNV arising under 15 U.S.C. §1681s-2(b).

39.     LVNV is liable to Mr. Roberts for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

### ii.     Violation of 15 U.S.C. §1681o

40.     After being informed by Equifax, Experian, and Trans Union that Mr. Roberts disputed the accuracy of the information it was providing concerning Mr. Roberts, LVNV negligently failed to conduct a proper investigation of Mr. Roberts' disputes filed with Equifax, Experian, and Trans Union that LVNV was furnishing false negative credit information about Mr. Roberts and the LVNV Account.

41.     LVNV negligently failed to review all relevant information purportedly provided by Equifax, Experian, and Trans Union to LVNV in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

42.     LVNV negligently failed to direct Equifax, Experian, and Trans Union to delete inaccurate information about Mr. Roberts pertaining to the LVNV Account as required by 15 U.S.C. §1681s-2(b)(C).

43.     Mr. Roberts has a private right of action to assert claims against LVNV arising under 15 U.S.C. §1681s-2(b).

44.     LVNV is liable to Mr. Roberts for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff James Roberts requests that the Court grant the following relief:

1.     Award Plaintiff his actual damages against Defendant pursuant to the FDCPA and/or FCRA;

2.     Award Plaintiff maximum statutory damages against Defendant pursuant to the FDCPA and/or FCRA;

3.     Award Plaintiff punitive damages against LVNV pursuant to the FCRA, 15 U.S.C. § 1681n;

4.     Award Plaintiff his reasonable attorney's fees and costs;

5.     Grant Plaintiff a trial by jury on all issues deemed triable; and

6.     Such other relief as may be just and proper.


Submitted by:

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:     (502) 371-2179
Fax:     (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyconsumerlaw.com